UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD MERRITT, et al.,**

    **Plaintiffs,**

vs.                                                       Case No. 8:09-cv-1201-T-27TGW

**LYONS HERITAGE PASCO, LLC, et al.,**

    **Defendants.**
_____/

## ORDER

BEFORE THE COURT are Defendants' motions to dismiss (Dkts. 8, 17). Upon consideration, Lyons Heritage Pasco LLC's and Lyons Land Pasco LLC's motion to dismiss (Dkt. 8) is GRANTED *in part*, and Lake Jovita Joint Venture's motion to dismiss (Dkt. 17) is DENIED.

### Background

The Merritts sue for violations of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701, *et seq.*, and for trespass, nuisance, misrepresentation, breach of contract, and negligence. Their allegations, which are taken as true for purposes of the motions to dismiss, follow.

In 2005, Richard and Mary Jo Merritt became interested in a large residential development in Pasco County, Florida known as Lake Jovita Golf & Country Club ("Lake Jovita"). The three Defendants, Lake Jovita Joint Venture ("LJJV"), Lyons Land Pasco LLC ("Lyons Land"), and Lyons Heritage Pasco LLC ("Lyons Heritage"), advertised lots in Lake Jovita for sale. LJJV sold lots to prospective homeowners and building contractors. Lyons Land acquired several lots from LJJV, including a lot eventually purchased by the Merritts, Lot 513. Lyons Heritage, an exclusive builder for the subdivision, constructed a home on the Merritts' lot.

Before purchasing the lot in Lake Jovita, the Merritts visited the subdivision and met with

Defendants' representatives. The president of Lyons Heritage, the general manager of LJJV, and another LJJV employee made several representations about Lot 513 and the home to be constructed on the lot. First, they informed the Merritts that the home's finished floor elevation would be above street level, permitting a gravity feed to the sewer line. Second, the Merritts were informed that the Lake Jovita golf courses would be private. Third, the Merritts were informed that the section of Lake Jovita in which Lot 513 is located, 'the Hills', would be an exclusive gated community. Based on these representations, the Merritts entered into two contracts: one with Lyons Land for the purchase of Lot 513, and another with Lyons Heritage for the construction of a home on the lot.

Contrary to the prior representations, the home constructed on Lot 513 did not have a finished floor elevation above street level. The Merritts contend Lyons Heritage never intended to build the home at that level. Although the contract included a charge for fill material to elevate the home, Lyons Heritage filed an affidavit with Pasco County, averring that no fill material would be used. Because of the lower floor elevation, the home could not be connected to the sewer line without a pump. However, the pump Lyons Heritage installed was inadequate, resulting in sewage disposal problems.

In addition, the subdivision was not constructed as represented. The golf courses became public. And the Hills was never developed as a gated community.

Also problematic was the final grading of Lot 513. Although the lot had a preconstruction grade of 7.8%, the final grading more than doubled the slope. As a result, the lot does not have adequate drainage and experiences periodic flooding from storm water runoff.

The Merritts sued LJJV, Lyons Heritage, and Lyons Land for ILSA violations, trespass, nuisance, misrepresentation, and breach of contract. Defendants moved to dismiss, arguing the Merritts have not stated a claim under ILSA. While the Court agrees that several of the Merritts' allegations do not give rise to an ILSA claim, the Merritts have nonetheless pled sufficient *facts to*

support a cause of action under the statute.

## Standard

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, a conclusory statement of the elements to a claim will not suffice. *Ashcroft v. Iqbal*, --U.S. ---, 129 S. Ct. 1937, 1949 (2009). The complaint must allege sufficient facts which "state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## Analysis

### A.  ILSA violations

ILSA was intended to "protect purchasers from unscrupulous sales of undeveloped home sites" and to "curb abuses accompanying interstate land sales." *Stein v. Paradigm Mirasol, LLC*, 586 F.3d 849, 853 (11th Cir. 2009) (quoting *Winter v. Hollingsworth Props., Inc.*, 777 F.2d 1444, 1448 (11th Cir.1985)). The statute provides:

> It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails--
>
> . . .
>
> (2) with respect to the sale or lease, or offer to sell or lease, any lot not exempt under section 1702(a) of this title--
>
> (A) to employ any device, scheme, or artifice to defraud;
>
> (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the

>   lot or subdivision;
>
>   (C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser; or
>
>   (D) to represent that roads, sewers, water, gas, or electric service, or recreational amenities will be provided or completed by the developer without stipulating in the contract of sale or lease that such services or amenities will be provided or completed.

15 U.S.C. § 1703(a). The thrust of Defendants' motions is that the Merritts have not alleged facts which constitute a violation of ILSA. Before reaching that issue, however, it is useful to dispose of two threshold matters concerning the applicability of ILSA to the Merritts' claims.

The first is Defendants' contention that the complaint does not allege the transmission of any misrepresentations through interstate commerce or the mails. While correct, this argument fails to advance Defendants' position. The Merritts have identified widespread use of interstate commerce and the mails in Defendants' sales and promotional activities, including advertising lots on the internet and in nationally-circulated magazines, as well as providing information to prospective purchasers by telephone and mail. (Compl. ¶ 41). This is sufficient to bring Defendants' sales practices within the ambit of ILSA. *See, e.g., Hammar v. Cost Control Marketing & Sales Mgmt. of Va., Inc.*, 757 F. Supp. 698, 704 (W.D. Va. 1990); *Commodore Props., Inc. v. Hills*, 417 F. Supp. 1388, 1390 (D. Neb. 1976); *Gaudet v. Woodlake Dev. Co.*, 399 F. Supp. 1005, 1007 (E.D. La. 1975).

The second is the contention that ILSA does not apply to LJJV or Lyons Heritage because the Merritts purchased Lot 513 from Lyons Land. ILSA's fraud provision applies to "any developer or agent." § 1703(a). The statute defines "developer" as "any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision." § 1701(5). An "agent" is "any person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision . . . ." § 1701(6). At the pleadings stage, the allegation that LJJV and Lyons Heritage advertised lots in Lake Jovita for sale is sufficient

to render these Defendants "developers" within the meaning of the statute.[1] (Compl. ¶¶ 7, 41).

Having found that § 1703(a) applies to Defendants and the sales practices surrounding Lot 513, the question becomes whether the complaint pleads facts that give rise to a violation of ILSA. The Department of Housing and Urban Development has promulgated regulations which make certain sales practices "unlawful" or "misleading" under ILSA. 24 C.F.R. §§ 1715.20, 1715.25. The Merritts allege violations of three regulations: 24 C.F.R. §§ 1715.20(i)(2), 1715.20(i)(4), and 1715.25(c).

Section 1715.20(i)(2) makes it is an "unlawful sales practice" to "[r]epresent a lot as a homesite or building lot" unless the "lot is suitable for a septic tank operation or there is reasonable assurance that the lot can be served by a central sewage system." The factual predicate of the alleged violation is that the Merritts' home, as constructed, is not properly connected to a central sewer system. Missing from the complaint, however, is any allegation that *the lot* was not reasonably serviceable by a central sewage system. Instead, the Merritts allege the finished floor elevation is below street level, requiring use of a pump to connect the home with the sewer system. They contend "[t]he specific pump installed is inadequate, with the result that Plaintiffs experience frequent sewage backups" and "Lyons Heritage failed to install any kind of electrical generator or battery backup to power the pump in the event of an electrical power outage." (Compl. ¶ 30). These allegations fall short of establishing that the lot could not reasonably have been served by a central sewer system, had the home been constructed properly.

The claimed § 1715.20(i)(4) violation is deficient for the same reason. Under § 1715.20(i)(4), it is an "unlawful sales practice" to "[r]epresent a lot as a homesite or building lot" unless the "lot

---

[1] The Court is not persuaded that LJJV is exempt from ILSA because it sold the lot to Lyons Land for the purpose of resale. There is an exemption for sales to persons who acquire lots "for the purpose of engaging in the business of constructing residential . . . buildings or for the purpose of resale . . . of such lots to persons engaged in such business . . . ." 15 U.S.C. § 1702(a)(7). This action, however, relates to the sale of Lot 513 to the Merritts, not LJJV's sale to Lyons Land.

is free from periodic flooding." The Merritts allege that Lot 513 experiences periodic flooding from storm water runoff due the "final grading," which steepened the front yard "from a pre-construction grade of approximately 7.8% to 17.1% . . . ." (Compl. ¶¶ 24, 33). Also contributing to periodic flooding is a yard drain that was intended "to alleviate ponding, but . . . is not functional." (Compl. ¶ 33). These allegations involve deficient construction activities which rendered the lot prone to flooding. But there is no allegation that the lot would be subject to periodic flooding, even if properly graded. In fact, the complaint suggests the opposite. (Compl. ¶ 48).

Under § 1715.25(c), it is a "misleading" advertising or promotional practice to:

> Represent[] uses to which the offered land can be put unless the land can be put to such use without unreasonable cost to the purchaser and unless no fact or circumstance exists which would prohibit the immediate use of the land for its represented use.

To support an alleged violation of § 1715.25(c), the Merritts focus on representations that the Lake Jovita golf courses would be private and the Hills would be an exclusive gated community. But these representations have nothing to do with potential uses of the "offered land" that the Merritts purchased. Instead, they involve uses and improvements to other property. While certain provisions of § 1715.25 apply to other property, the plain language of subsection (c) is limited to uses of the "offered land." *Compare, e.g.*, §§ 1715.25(a), (b), *with* § 1715.25(c). Without a representation related to uses to which Lot 513 could be put, there is no claim for a violation of § 1715.25(c).

Notwithstanding the failure to state a cause of action based on violations of 24 C.F.R. §§ 1715.20(i)(2), 1715.20(i)(4), and 1715.25(c), the Merritts have nonetheless stated a claim under ILSA. The Merritts allege that before they contracted to purchase Lot 513, representatives of LJJV and Lyons Heritage falsely represented that the home constructed on the lot would have a finished floor elevation above road level and a gravity feed to the sewer line. The complaint further alleges that the Merritts relied on these representations in deciding to purchase the lot. Lyons Heritage, however, had no intention of elevating the home, as evidenced by the affidavit it filed with Pasco

County shortly after entering into the contract. As the Merritts allege that LJJV and Lyons Heritage were developers or agents who made these false representations to induce them to purchase Lot 513 (and contemporaneously enter into the home construction contract), the Court is persuaded that the complaint, read in the light most favorable to the Merritts, states a claim under 15 U.S.C. § 1703(a)(2).

Representations that the Lake Jovita golf courses would be private and the Hills would be an exclusive gated community also support an ILSA claim. (Compl. ¶ 52). The complaint alleges that the individuals who made these representations on behalf of Lyons Heritage and LJJV knew the golf courses would be public and knew that LJJV and Lyons Heritage did not intend to construct the Hills as a gated community. Read in the light most favorable to the Merritts, these facts are sufficient to state a claim under 15 U.S.C. § 1703(a)(2).

**B.     Fraud with particularity**

Although the Merritts have pled facts which state a claim for violation of ILSA's fraud provision, an additional question is whether they have satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1351-52 (S.D. Fla. 2009). "[U]nder Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Notwithstanding Defendants' arguments to the contrary, the Court is satisfied that the Merritts have pled the facts supporting a claim under ILSA with the level of particularity required by Rule 9(b).

**C.     Breach of home construction contract**

In addition to their ILSA claim, the Merritts sue Lyons Heritage and Lyons Land for breach of the home construction contract. Lyons Land was not a party to the contract. Notwithstanding, the Merritts argue Lyons Land is jointly and severally liable because of its relationship with Lyons

Heritage. Although the complaint alleges Lyons Heritage and Lyons Land are parties to a joint venture or partnership, these are simply legal conclusions. *See Kislak v. Kreedian*, 95 So. 2d 510, 514 (Fla. 1957). The Merritts have not pled facts which establish the existence of a joint venture or partnership. *See, e.g., Jackson-Shaw Co. v. Jacksonville Aviation Auth.*, 8 So. 3d 1076, 1089 (Fla. 2008) (listing elements required to create joint venture); *Dreyfuss v. Dreyfuss*, 701 So. 2d 437, 439 (Fla. 3d DCA 1997) (listing elements required to create partnership).

As an alternative, the Merritts contend Lyons Heritage and Lyons Land are alter egos. Again, the complaint fails to offer any factual support. Further, "[e]ven if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) (quotation omitted). There is no allegation that Lyons Heritage or Lyons Land used the corporate form for an improper purpose.

Given the absence of factual allegations supporting a theory on which Lyons Land could arguably be held liable, the Merritts have not stated a claim for relief against Lyons Land for breach of the home construction contract.

### D. Mediation

Lyons Heritage argues the claims against it should be dismissed because the Merritts did not participate in mediation before filing this action, as required by the home construction contract. Without disputing their failure to demand pre-suit mediation, the Merritts raise several arguments as to why the mediation provision is inapplicable. Notwithstanding, the Merritts represent that they "would welcome an order by the Court directing all parties to mediation and staying proceedings pending the outcome of the mediation." (Dkt. 20, p. 16).

Where a party commences an action without satisfying a contractual mediation provision, "district courts are vested with discretion to determine whether stay or dismissal is appropriate."

8

*N-Tron Corp. v. Rockwell Automation, Inc.*, Civ. No. 09-0733-WS-C, 2010 WL 653760, at *7-8 (S.D. Ala. Feb. 18, 2010) (staying action pending mediation where plaintiff failed to comply with contractual provision requiring pre-suit mediation); *see Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate."). Although the Court is of the opinion that a stay would be the preferred remedy in this case, no stay is required. LJJV filed an unopposed extension motion which represents that the parties have already mediated their dispute:

> 2. Thereafter, the parties worked diligently to settle this matter through mediation. Ultimately, the parties were unable to resolve this matter in mediation.
>
> 3. Thereafter, the parties continued to explore potential settlement outside of the context of mediation, but to date have been unsuccessful.

(Dkt. 33).

This action has been pending for well over a year. The parties have attempted to resolve their dispute through mediation. It appears that they are continuing to engage in good faith settlement negotiations. Given the circumstances of this case, the Court is not persuaded that this action should be stayed or dismissed pending further mediation.

## Conclusion

Accordingly, it is ORDERED that

(1) Lake Jovita Joint Venture's motion to dismiss (Dkt. 17) is DENIED.

(2) Lyons Heritage Pasco LLC's and Lyons Land Pasco LLC's motion to dismiss (Dkt. 8) is GRANTED in part. Count V of the complaint is DISMISSED WITHOUT PREJUDICE as to Lyons Land Pasco LLC. The motion is denied in all other respects.

(3) The Merritts are granted leave to file an amended complaint within 14 days.

(4) Defendants shall answer the complaint within 21 days of this order. If the Merritts file an amended complaint, Defendants shall respond to the amended complaint within the time provided in Fed. R. Civ. P. 15.

**DONE AND ORDERED** this 15th day of September, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

10